Steven **GILBERT, by his mother and father, and next friends, Veronica GILBERT and Carey Gilbert, Petitioners,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 92–204V.

United States Court of Federal Claims.

May 17, 1994.

Richard A. Lenter, Southfield, MI, for petitioners.

Linda S. Renzi, with whom were Asst. Atty. Gen. Frank W. Hunger, Helene M. Goldberg, Director, John Lodge Euler, Deputy Director, and Gerard Fischer, Asst. Director, Washington, DC, for respondent.

*ORDER*

ANDEWELT, Judge.

I.

In this action filed under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa–10 to –34 (the Vaccine Act),

petitioners, Veronica and Carey Gilbert, seek leave to file late an election to file a civil action for damages for vaccine-related injuries in lieu of accepting this court's judgment entered on August 6, 1993. This court's August 6, 1993, judgment affirmed the special master's January 12, 1993, decision denying petitioners' claim for compensation for injuries allegedly suffered by their son, Steven, as a result of a DPT vaccination. The August 6 judgment specifically referred petitioners to Appendix J, ¶¶ 32 and 33, RCFC, which provide in pertinent part:

32. Notice of Appeal.

Review of a [Court of Federal Claims] judgment by the United States Court of Appeals for the Federal Circuit may be obtained by filing with the clerk of the Federal Circuit a petition for review within 60 days of the entry of judgment.

33. Election.

a. General. After judgment on the merits is entered pursuant to ¶ 8a, the petitioner shall within 90 days file with the clerk an election in writing either (1) to accept the judgment or (2) to file a civil action for damages for the alleged injury or death. Upon failure to file an election within the time prescribed, the petitioner shall be deemed to have filed an election to accept judgment.

\* \* \* \* \* \*

c. When Appeal Is Taken. If a petition for review is taken to the Federal Circuit, the election is to be made within 90 days of the issuance of the appellate court's mandate or of a subsequent judgment of the [Court of Federal Claims] if the appellate court should order a remand.

Herein, because petitioners did not appeal the August 6 judgment, they were required to file an election in writing with the clerk of this court within 90 days of that judgment. Within this 90–day period, however, petitioners instead filed a civil action in the District Court for the Eastern District of Michigan seeking damages from both the administrator and the manufacturer of the vaccine for Steven's vaccine-related injuries. The United States, a defendant in that action, has moved to dismiss petitioners' district court complaint for lack of jurisdiction based on petitioners' failure to file a timely election in this court. That motion to dismiss rests on Section 21(a) of the Vaccine Act, which is the statutory basis for the 90–day election requirement set forth in Appendix J, ¶ 33. Section 21(a) provides, in pertinent part:

After judgment has been entered by the United States Court of Federal Claims or, if an appeal is taken under section 300aa–12(f) of this title, after the appellate court's mandate is issued, the petitioner ... shall file with the clerk of the United States Court of Federal Claims—

\* \* \* \* \* \*

(2) if the judgment did not award compensation, an election in writing ... to file a civil action for damages for such injury or death.

An election shall be filed under this subsection not later than 90 days after the date of the court's final judgment with respect to which the election is to be made. If a person required to file an election with the court under this subsection does not file the election within the time prescribed for filing the election, such person shall be deemed to have filed an election to accept the judgment of the court. If a person ... is deemed to have accepted the judgment of the court in such an action, such person may not bring or maintain a civil action for damages against a vaccine administrator or manufacturer for the vaccine-related injury or death for which the judgment was entered.

In its motion in the district court, the United States apparently argues that because petitioners did not file an election within 90 days after judgment, petitioners were deemed to have accepted the judgment and hence, petitioners cannot, consistent with Section 21(a), "bring or maintain a civil action for damages against [the] vaccine administrator or manufacturer."

## II.

■ The district court has not yet ruled upon the United States' motion to dismiss. In an apparent effort to address the jurisdictional problems in their district court action, petitioners filed in this court the instant mo-

tion for leave to file a late election rejecting the August 6, 1993, judgment. Respondent opposes the motion. Upon review of the parties' respective submissions, the court agrees with respondent that petitioners cannot file a late election because Congress established binding deadlines for the filing of such an election and petitioners failed to meet those deadlines.

■ Petitioners make two distinct arguments to support their motion. First, petitioners contend that the filing of their district court action within 90 days of the August 6 judgment constituted the required Section 21(a) election because the filing of the suit demonstrated petitioners' intent to reject the compensation provisions of the Vaccine Act and instead to seek damages through a civil suit against the vaccine administrator and manufacturer. But even assuming that the filing of the district court action demonstrated such an intent, it would not be enough to satisfy the requirements of Section 21(a). Section 21(a) unambiguously states that an election must be filed in writing "with the clerk of the United States Court of Federal Claims ... not later than 90 days after the date of the court's final judgment." Herein, petitioners filed their civil suit in district court, and not with the clerk of this court.[1]

■ Next, in the alternative, petitioners contend that even if the filing of their district court action did not constitute a Section 21(a) election, this court is authorized under RCFC 60(b) to accept a late election. RCFC 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Petitioners' motion for leave arguably falls outside the scope of RCFC 60(b) because petitioners do not appear to seek relief from the "operation of the judgment." Petitioners accept the substance of the judgment and do not ask this court to change any of its terms. Petitioners' concern is not with the judgment itself but rather with the statutory requirement that they file an election within 90 days after that judgment or be barred from bringing a civil action for vaccine-related injuries against the vaccine administrator or manufacturer. Hence, rather than seeking relief from "the operation of the judgment," petitioners seek relief from a statutory provision that controls post-judgment actions by petitioners.

In any event, even if the instant motion is deemed within the scope of RCFC 60(b), petitioners cannot prevail because Section 21(a) is a jurisdictional statute and courts cannot resort to court rules such as RCFC 60(b) to expand court jurisdiction beyond that specifically provided by statute. Section 21(a) is jurisdictional in nature because it defines the jurisdiction of state and federal courts with respect to civil actions filed against a vaccine administrator or manufacturer for vaccine-related inquiries. In defining that jurisdiction, the wording of Section 21(a) is unambiguous. Where this court issues a judgment denying compensation under the Vaccine Act and a petitioner does not timely appeal that judgment or file an election within 90 days, the petitioner is deemed to have filed an election to accept the judgment and may not thereafter bring or maintain a civil action for vaccine-related injuries against the vaccine administrator or manufacturer. Because Section 21(a) specifically bars the bringing of such a suit, the courts would be without jurisdiction to entertain such a suit. *See Finley v. United States,* 490 U.S. 545, 547, 109 S.Ct. 2003, 2005–06, 104 L.Ed.2d 593 (1989) ("courts which are creat-

---

1. A court must interpret a statute according to its unambiguous terms unless the legislative history of the statute clearly dictates a contrary interpretation. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Herein, the legislative history, if anything, tends to confirm rather than contradict the pertinent literal requirements of Section 21(a). A House Report stresses that "[t]he election must be filed in writing even if the court has refused to award compensation," H.R.Rep. No. 908, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.C.C.A.N. 6287, 6366, and that "[j]udgments and awards entered under the compensation program must be expressly rejected *before* other remedies may be pursued," *id.* at 6344 (emphasis supplied).

ed by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction"); *Widdoss v. Secretary, HHS,* 989 F.2d 1170, 1176–77 (Fed.Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 381, 126 L.Ed.2d 331 (1993) (the Court of Federal Claims lacks jurisdiction to review a decision of a special master unless the petitioner complies with Vaccine Act's jurisdictional prerequisites). In *Widdoss,* the Court of Appeals for the Federal Circuit rejected the argument that this court could use RCFC 60(b) to avoid such a statutory limitation on court jurisdiction. The court explained:

> [RCFC] 60(b) was promulgated by the [Court of Federal Claims] under authority conferred thereon by Congress to govern practice and procedure in matters before the court. 28 U.S.C. § 2503(b) (1988). Although the Rule's language would at first glance apparently apply to the immediate issue, it is well settled that "[a]n authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge its jurisdiction[.]" *United States v. Sherwood,* 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). Moreover, it is clear that "the [Court of Federal Claims] cannot, through its [acknowledged] rule-making power, expand its jurisdiction beyond the limits prescribed by Congress." *RSH Constructors, Inc. v. United States,* 20 Cl. Ct. 1, 7 (1990) (citing *Rolls–Royce Ltd. v. United States,* 364 F.2d 415, 419, 176 Ct. Cl. 694 (1966)); *see also* Fed.R.Civ.P. 82 (Federal Rules must not be construed to extend or limit jurisdiction.)

*Widdoss,* 989 F.2d at 1177–78 (footnote omitted).

If this court cannot use RCFC 60(b) to expand its own jurisdiction, it certainly cannot use RCFC 60(b) to expand the district court's jurisdiction. Congress has spoken on the timing of filing an election and the effect on court jurisdiction of failing to file an election within 90 days of an unappealed judgment. This court is without authority to employ RCFC 60(b) to nullify the express dictates of Congress.

## III.

Petitioners' counsel candidly admits that he inadvertently failed to file an election to reject the August 6 judgment. Counsel notes that he had not previously practiced before this court and stresses the inequity that would result if petitioners' son, Steven, is deprived of an opportunity to seek damages for his severe vaccine-related injuries. While the court appreciates petitioners' equitable argument, this court simply lacks the discretion under the statutory scheme to resolve the instant motion based on equities and perceived prejudice. Congress has established certain ground rules in the Vaccine Act and this court is bound to apply those ground rules as written. This result indeed may appear harsh on the instant facts, but as the Supreme Court observed in a different context, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke,* 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985).

### Conclusion

For the reasons set forth above, petitioners' January 14, 1994, motion for leave to file a late election is DENIED.

IT IS SO ORDERED.